UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

ROY STEVENSON REID,           )
                              )
                Plaintiff,    )
                              )
        v.                    )        No. 1:20-cv-03314-JMS-DML
                              )
CATHY BROWN,                  )
                              )
                Defendant.    )

## ORDER

*Pro se* Plaintiff Roy Stevenson Reid filed this lawsuit in Marion County, Indiana Small Claims Court against Defendant Cathy Brown, a United States Postal Service (the "Postal Service") employee, alleging that Ms. Brown violated the Consumer Credit Protection Act, 15 U.S.C. § 1601 *et seq*. (the "CCPA"). [Filing No. 2-2.] The Government removed the case to this Court, [Filing No. 2], and Ms. Brown has filed a Motion to Dismiss, [Filing No. 11], which is now ripe for the Court's decision.

## I.
### STANDARD OF REVIEW

Under Rule 12(b)(6), a party may move to dismiss a claim that does not state a right to relief. The Federal Rules of Civil Procedure require that a complaint provide the defendant with "fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007)). In reviewing the sufficiency of a complaint, the Court must accept all well-pled facts as true and draw all permissible inferences in favor of the plaintiff. *See Active Disposal Inc. v. City of Darien*, 635 F.3d 883, 886 (7th Cir. 2011). A Rule 12(b)(6) motion to dismiss asks whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on

1

its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). But the complaint "need not identify legal theories, and specifying an incorrect legal theory is not a fatal error." *Rabe v. United Air Lines, Inc.*, 636 F.3d 866, 872 (7th Cir. 2011). The Court will not accept legal conclusions or conclusory allegations as sufficient to state a claim for relief. *See McCauley v. City of Chi.*, 671 F.3d 611, 617 (7th Cir. 2011). Factual allegations must plausibly state an entitlement to relief "to a degree that rises above the speculative level." *Munson v. Gaetz*, 673 F.3d 630, 633 (7th Cir. 2012). This plausibility determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## II.
### BACKGROUND

The following are the factual allegations set forth in the Complaint, which the Court must accept as true.

In his Complaint, Mr. Reid alleges the following:

> "The Plaintiff complaints (sic) of the Defendant(s) and say that the Defendant is indebted to the Plaintiff in the sum of 2x $285762 + Interest because violating his Federal Rights given by the 95th Congress of the United States. Statutes at Large: 91 Stat 874. An act that prohibits abusive practices by debt collectors, under the Consumer Credit Protection Act. Violations include 25% garnishment rule, Proper Notification. Validation of debt, consumer rights to appeal disputed amount. Acting as a collection Agency of debt and more on. Debt should also include time spent to recover check."

[Filing No. 2-2 at 1.] In addition, Mr. Reid attached several exhibits to his Complaint. [*See* Filing No. 2-2 at 4-9.] These documents include a paystub, emails, documents from the Postal Service's Accounting Service Center, and a document titled "Pre-Arbitration Settlement (Direct Appeal Review)." [Filing No. 2-2 at 4-9.] The emails indicate that Mr. Reid requested information on the cost of an Industrial Electric Safety training course he attended and that he was told, "[t]here is no course fee for this course." [Filing No. 2-2 at 6.] The documents from the Postal Service's

Accounting Service Center appear to be a February 14, 2020 notice to Mr. Reid informing him that he owed $3,580.46 for a training course, [Filing No. 2-2 at 7], and a March 23, 2020 invoice or statement indicating that Mr. Reid had paid $3,446.17 toward that debt over the course of three payments, leaving a balance due of $134.29, [Filing No. 2-2 at 8]. Finally, the Pre-Arbitration Settlement, dated September 23, 2019, indicates that a purported May 15, 2019 resignation by Mr. Reid was not voluntary and was rescinded. [Filing No. 2-2 at 9.] The Pre-Arbitration Settlement also states that Mr. Reid "shall receive Back Pay in accordance with ELM 436 for the time period of May 15, 2019 – September 27, 2019. The parties further agree the grievant will pay the cost of the IES course that he failed to complete in May 2019." [Filing No. 2-2 at 9.] The Pre-Arbitration Settlement is signed by a Postal Service Official and an official from the American Postal Workers Union; Mr. Reid did not sign the Pre-Arbitration Settlement. [Filing No. 2-2 at 9.]

### III.
### DISCUSSION

In support of her Motion, Ms. Brown argues that the Court should dismiss Mr. Reid's Complaint for failure to state a claim upon which relief can be granted, and because Mr. Reid has failed to serve Ms. Brown within the time required by Rule 4, the Court should dismiss the Complaint for insufficient service of process under Rule 12(b)(5) and for lack of personal jurisdiction under Rule 12(b)(2). [Filing No. 12.] As to whether Mr. Reid's Complaint states a plausible claim for relief, Ms. Brown argues that she is not a debt collector as defined by the CCPA. [Filing No. 12 at 4.] She argues that not only does she not fit the statutory definition, but "[t]he [CCPA] also expressly excludes employees of the United States from its scope." [Filing No. 12 at 4 (citing 15 U.S.C. § 1692(a)).] Ms. Brown further argues that "[c]reditors are also excluded from the definition of debt collector under the Consumer Credit Protection Act," and that Mr. Reid does not allege that she "was attempting to recover funds owed to any entity other than the Postal

Service." [Filing No. 12 at 4-5.] Therefore, Ms. Brown argues, her alleged actions fall outside of the scope of the Consumer Credit Protection Act. [Filing No. 12 at 5.] Ms. Brown also argues that the 90-day period for service under Rule 4(m) expired on March 31, 2021, but Mr. Reid had still not served Ms. Brown as of April 9, 2021. [Filing No. 12 at 5-6.] Ms. Brown contends that Mr. Reid has not shown good cause for his failure to serve her, and "[i]n the absence of such service, the Court lacks personal jurisdiction over [Ms. Brown]." [Filing No. 12 at 6.]

Mr. Reid's response is confusing, but he appears to elaborate on the factual background of this case.[1] [Filing No. 13.] He explains that he was awarded a settlement amount related to hours he had worked as an employee of the Postal Service and for which he had not been compensated. [Filing No. 13 at 2.] He states that "Ms. Brown was the person responsible for processing the back pay" settlement, and as of December 2019, she had not yet processed the check. [Filing No. 13 at 2.] He also notes that in December 2019, he was told by a supervisor that he owed a debt to the Postal Service. [Filing No. 13 at 2.] He asserts that in January 2020, the Postal Service sent Mr. Reid "to their offset court to collect the debt," at which time he learned that the Postal Service claimed that he owed $3580.46. [Filing No. 13 at 2.] Mr. Reid believes this amount stems from a training course he attended, though he states that he was told "there is no fee for this course." [Filing No. 13 at 3.] In January 2021, Mr. Reid received a copy of his backpay check, but he "was told that it would be applied to [the $3,580.46] debt." [Filing No. 13 at 3.] He was also told that

---

[1] Mr. Reid attached several pages of exhibits to his Response. [*See* Filing No. 13-1.] Most of the documents relate to his employment with the Postal Service. Also included as an exhibit is a document titled "Amended Claim." [Filing No. 13-1 at 2.] This document appears to be an Amended Complaint filed on January 25, 2021 in Marion County, Indiana Small Claims Court. [Filing No. 13-1 at 2.] However, this case was removed to this Court on December 31, 2020, [Filing No. 2], and the Amended Complaint was never filed in this case and is therefore not operative. Regardless, the Amended Complaint does not set forth any claims not previously identified in his original Complaint.

some amount would be withheld from his paycheck to satisfy the debt. [Filing No. 13 at 3.] At the end of his Response, Mr. Reid sets forth the issues in this case as he views them:

1. What was the dollar amount for the IES Course to be collected? $0.00
2. Did Roy Stevenson Reid receive proper and timely notification?
3. Was additional charges authorized other than what was settled?
4. Did Mr. Reid physically or electronically receive his back pay check and if not, what percentage was taken out?
5. Were the charges from USPS valid?

[Filing No. 13 at 5.] Mr. Reid concludes by asking the Court not to remand the case back to small claims court and adds that he intends to amend his claims to include punitive damages in excess of the maximum permitted in small claims court. [Filing No. 13 at 5.]

Ms. Brown replies that Mr. Reid's Response "fails to engage with, let alone refute," her arguments, and that his Response is nothing more than a narrative account of the alleged events underlying his purported claims. [Filing No. 14 at 1.] She contends that Mr. Reid's failure to respond to her arguments renders any arguments to the contrary waived. [Filing No. 14 at 1-2.]

Though not entirely clear from the Complaint and accompanying exhibits, it appears based on Mr. Reid's Response that his grievance stems from a debt that Mr. Reid believes was not valid and was collected through improper means. Mr. Reid alleges that Ms. Brown violated the CCPA, and more specifically the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (the "FDCPA").[2] [Filing No. 2-2 at 1.]

As the Ms. Brown argues in support of her Motion, under the FDCPA, a "debt collector" is "any person who uses any instrumentality of interstate commerce or the mails in any business

---

[2] In his Complaint, Mr. Reid includes only the Statutes at Large citation corresponding to the FDCPA—91 Stat. 974—but he does not mention the FDCPA by name, and he later references the CCPA by name, but he does not include any accompanying citation. [Filing No. 2-2 at 1.] The FDCPA was enacted as Title VIII of the CCPA. *See* PL 95-109. In the interest of clarity, the Court will refer to Mr. Reid's claim as being brought pursuant to the FDCPA.

the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). The term "debt collector," however, does not include an officer or employee of a creditor collecting debts on behalf of the creditor or "any officer or employee of the United States or any State to the extent that collecting or attempting to collect any debt is in the performance of his official duties." 15 U.S.C. § 1692a(6)(C).

Mr. Reid's allegations in his Complaint indicate, and his Response confirms, that to the extent Ms. Reid was collecting a debt, she was doing so on behalf of the Postal Service, which is an agency of the United States and her employer. Therefore, she is not a "debt collector" as defined by the FDCPA, and she is therefore not subject to the limitations of the FDCPA with respect to the conduct of which Mr. Reid complains. Accordingly, Mr. Reid's claims against Ms. Brown based on the FDCPA are **DISMISSED**.

Mr. Reid also references the "25% garnishment rule," [Filing No. 2-2 at 1], presumably alluding to the CCPA's restriction that creditors may not garnish more than "25 per centum of [an individual's] disposable earnings for that week." 15 U.S.C. § 1673. However, that section of the CCPA does not provide a private right of action. *Curry v. Lopez*, 2017 WL 5989728, at *7 (N.D. Ill. Dec. 4, 2017) (§ 1673's delegation of authority to "[t]he Secretary of Labor, acting through the Wage and Hour Division of the Department of Labor . . . precludes an implied private right of action under 15 U.S.C. § 1673"); *Burris v. Mahaney*, 716 F. Supp. 1051, 1058 (M.D. Tenn. 1989) ("[T]here is no implied private cause of action for a violation of 15 U.S.C. § 1673."); *Pressman v. Neubardt*, 2002 WL 31780183, at *2 (S.D.N.Y. 2002) ("pursuant to the express language of 28 U.S.C. § 1676 and case law rejecting the notion of an implied private right of action under 28 U.S.C. § 1673, this Court finds that it lacks subject matter jurisdiction"). Therefore, to the extent

Mr. Reid seeks to assert a claim based on Ms. Brown or the Postal Service garnishing more than 25 percent of his disposable income for a given week, that claim is **DISMISSED**.[3]

## IV.
### CONCLUSION

Consistent with the foregoing, Ms. Brown's Motion to Dismiss, [11], is **GRANTED**, and Mr. Reid's Complaint is **DISMISSED WITH PREJUDICE**.[4]   Final Judgment shall issue accordingly.

Date: 7/14/2021

*Jane Magnus-Stinson*

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only to all counsel of record**

**Distribution via U.S. Mail to:**

**Roy Stevenson Reid**
8932 Brigadier Drive, Apt. A
Indianapolis, IN 46226

---

[3] Because the Court finds that Mr. Reid's Complaint fails to state a claim upon which relief can be granted, the Court need not consider whether Ms. Brown was properly served.

[4] Because Mr. Reid cannot amend his Complaint to remedy the fact that Ms. Brown is not a "debt collector" under the FDCPA, dismissal with prejudice is appropriate. *Bogie v. Rosenberg*, 705 F.3d 603, 608 (7th Cir. 2013) (dismissal with prejudice is proper "if it is clear that any amendment would be futile").